IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

       v.                                               19-CR-73-G

TIMOTHY MYERS
   a/k/a CJ Mikowski
   a/k/a Patrick Mikowski
   a/k/a Colin James,

               Defendant.

---

## PLEA AGREEMENT

The defendant, TIMOTHY MYERS, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Counts 4 and 28 of the Indictment, which charge:

a)    in Count 4, a violation of Title 18, United States Code, Section 2251(a) (production of child pornography) for which the mandatory minimum term of imprisonment is 15 years and the maximum possible sentence is a term of imprisonment of 30 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life; and

b)      in Count 28, a violation of Title 18, United States Code, Sections 2261A(2)(A) and 2261(b)(5) (cyberstalking) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of up to 3 years;

c)      The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3.      The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of each of the victims as determined by the Court. The defendant understands that the defendant will not be entitled to withdraw the pleas of guilty based upon any restitution amount ordered by the Court.

4.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant

shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

5.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:   where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

6.     The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject

to civil commitment will be made initially by the Attorney General or the Director of the

Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the

Court will make the final determination in a separate proceeding.

## II.   ELEMENTS AND FACTUAL BASIS

7.    The defendant understands the nature of the offenses set forth in ¶ 1 of this

agreement and understands that if this case proceeded to trial, the government would be

required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 4

a.    The defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such sexually explicit conduct;

b.    The visual depictions were transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce; and

c.    The defendant acted knowingly.

### Count 28

a.    The defendant used an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, or a facility of interstate or foreign commerce;

b.    The defendant engaged in a course of conduct with the intent to kill, injure, harass, intimidate, or cause substantial emotional distress to another person or to place said person in reasonable fear of death; and

c.    As a result of that course of conduct, said person was placed in reasonable fear of death or serious bodily injury or said person experienced substantial emotional distress.

## FACTUAL BASIS

8.      The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

a.   Between in or about December 2016 and in or about August 2017, the
defendant, TIMOTHY MYERS, used Facebook, an interactive
computer service, to communicate with five minor girls who lived in the
Western District of New York. The defendant did so using the Facebook
usernames "CJ Mikowski" and "Colin James." During these
communications, the defendant pretended to be a boy close in age to the
minor girls he was speaking with. As described below, the defendant
then used, persuaded, induced, enticed, or coerced (or attempted to use,
persuade, induce, entice, or coerce) each of the minor girls into sending
the defendant visual depictions of themselves containing sexually
explicit conduct using a means or facility of interstate or foreign
commerce.

### Count 4

### Victim 1

b.   On or about December 16, 2016, in the Western District of New York
and elsewhere, the defendant did use, persuade, induce, entice, and
coerce a minor, that is, Victim 1, a person known to the parties, to
engage in sexually explicit conduct for the purpose of producing a visual
depiction of such conduct. Specifically, on December 16, 2016, and
February 5, 2017, posing as CJ Mikowski on Facebook, the defendant
communicated with Victim 1 and coerced her to produce sexually
explicit images of herself and then send them to the defendant over the
internet. The defendant knew Victim 1 was 16 years old.

c.   In December 2016 and February 2017, the defendant transported Victim
1 from New York State to New Jersey and engaged in sexual intercourse
with her. The defendant also used the Facebook account of Patrick
Mikowski to communicate with Victim 1.

d.   On April 1, 2017, the defendant distributed sexually explicit images of
Victim 1 over Facebook.

**Victims 2 - 5**

### Victim 2

e.  On or about June 2, 2017, June 15, 2017, and June 18, 2017, in the Western District of New York and elsewhere, the defendant did attempt to use, persuade, induce, entice, and coerce a minor, that is, Victim 2, a person known to the parties, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Specifically, on those dates, the defendant, posing as Colin James on Facebook, communicated with Victim 2, and attempted to persuade her to produce sexually explicit images of herself and send them to him over the internet. The defendant knew Victim 2 was 14 years old.

### Victim 3

f.  On or about July 1, 2017, August 25, 2017, and August 26, 2017, in the Western District of New York and elsewhere, the defendant did use, persuade, induce, entice, and coerce a minor, that is, Victim 3, a person known to the parties, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Specifically, on those dates, the defendant, posing as Colin James on Facebook, communicated with Victim 3, and persuaded her to produce sexually explicit images of herself and send them to him over the internet. The defendant knew Victim 3 was 13 years old.

### Victim 4

g.  On or about July 2, 2017, in the Western District of New York and elsewhere, the defendant did attempt to use, persuade, induce, entice, and coerce a minor, that is, Victim 4, a person known to the parties, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Specifically, on that date, the defendant, posing as Colin James on Facebook, communicated with Victim 4, and attempted to persuade her to produce sexually explicit images of herself and send them to him over the internet. The defendant knew Victim 4 was 14 years old.

### Victim 5

h.  On or about May 28, 2017, in the Western District of New York and elsewhere, the defendant did attempt to use, persuade, induce, entice, and coerce a minor, that is, Victim 5, a person known to the parties, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Specifically, on that date, the defendant,

posing as Colin James on Facebook, communicated with Victim 5, and attempted to persuade her to produce sexually explicit images of herself and send them to him over the internet. The defendant knew Victim 5 was 13 years old.

### Count 28

a. Between in or about March 2017 and in or about August 2017, in the Western District of New York and elsewhere, the defendant, with the intent to harass and intimidate Victim 3, used an interactive computer service and facility of interstate and foreign commerce to engage in a course of conduct that caused substantial emotional distress to Victim 3.

b. Specifically, the defendant, while residing in New Jersey and while using the alias Colin James, contacted Victim 3 via Facebook and made her believe she was in a relationship with him. The defendant then persuaded Victim 3 to produce sexually explicit images of herself. When Victim 3 did not send the defendant additional sexually explicit images, he threatened to distribute images of Victim 3 that he had already obtained. Based on the defendant's repeated harassment of Victim 3, she suffered substantial emotional distress.

c. The defendant also used Facebook to contact Victims 1, 2 and 4 using the names CJ Mikowski and Colin James. The defendant made Victims 1, 2, and 4 believe that he was in a relationship with them and requested that they produce sexually explicit images of themselves. The defendant would tell the Victims that if they did not send him these images, he would distribute images that the Victims had previously sent the defendant. Based on the defendant's repeated and sustained harassment of Victims 1, 2, and 4, the victims suffered substantial emotional distress when they were told that sexually explicit images of themselves would be sent to other individuals.

## III.   SENTENCING GUIDELINES

9.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

### Count 4

10.    The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction for Count 4 and provides for a base offense level of 32, and that, pursuant to Guidelines § 2G2.1(d)(1), each of the victims identified in paragraph 8 of this plea agreement shall be treated as a separate count of conviction.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

11.    The government and the defendant agree that the following specific offense characteristics do apply:

### Victim 1

a.    the two level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved the commission of a sex act];

b.    the two level increase pursuant to Guidelines § 2G2.1(b)(3) [the defendant knowingly engaged in distribution];

c.    the two level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) [the offense involved the use of a computer or an interactive computer service to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct].

Accordingly, it is the understanding of the government and the defendant that the adjusted offense level for Count 4 is 38.

### Victims 2 - 5

| Victim | Base Offense Level (§ 2G2.1(a)) | Use of an Interactive Computer Service (§ 2G2.1(b)(6)(B)(i)) | Offense Involved a Minor between 12 and 15 Years Old (§ 2G2.1(b)(1)) | Adjusted Offense Level |
|---|---|---|---|---|
| 2 | 32 | +2 | +2 | 36 |
| 3 | 32 | +2 | +2 | 36 |

| 4 | 32 | +2 | +2 | 36 |
| 5 | 32 | +2 | +2 | 36 |

### Count 28

12.     The government and the defendant agree that Guidelines § 2A6.2(a) applies to the offense of conviction for Count 28 and provides for a base offense level of 18.

13.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 28 is 18.

## COMBINED ADJUSTED OFFENSE LEVEL

14.     The government and the defendant agree that pursuant to Guidelines §§ 2G2.1(d)(1), 3D1.1, 3D1.2, 3D1.3, and 3D1.4, the convictions under Counts 4 and 28 do not group together, and it is the understanding of the government and the defendant that the combined adjusted offense level for the offenses of conviction is 42.

## ACCEPTANCE OF RESPONSIBILITY

15.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 39.

## U.S.S.G. CHAPTER 4 ADJUSTMENTS

16.     The government and defendant agree that the defendant engaged in a pattern of activity involving prohibited sexual conduct, and therefore, under Guidelines § 4B1.5(b)(1),

the offense level is 5 plus the offense level determined under Chapters 2 and 3 of the Sentencing Guidelines. Accordingly, the total offense level is 44, which pursuant to Guidelines Chapter 5, Part A, Application Note 2, is to be treated as a total offense level of 43.

## CRIMINAL HISTORY CATEGORY

17.     It is the understanding of the government and the defendant that the defendant's criminal history category is V. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

18.     It is the understanding of the government and the defendant that, with a total offense level of 43 and criminal history category of V, taking into account the statutory maximum penalties, and pursuant to Guideline § 5G1.2(d), the sentences for Count 4 and Count 28 must run consecutive, such that the defendant's sentencing range would be a term of imprisonment of 420 months, a fine of $50,000 to $500,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

19.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.  The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

20.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV.     STATUTE OF LIMITATIONS

21.     In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.     REMOVAL

22.     The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.    GOVERNMENT RIGHTS AND OBLIGATIONS

23.     The defendant understands that the government has reserved the right to:

a.     provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.     respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.     advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.     modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.     oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

24.     At sentencing, the government will move to dismiss the open counts of the Indictment in this action as against the defendant.

25.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.     APPEAL RIGHTS

26.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which is a term of imprisonment of 420 months or less, or which falls within or is less than the sentencing range for a fine and supervised release set forth in Section III, ¶ 18, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

27.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

28.     The government waives its right to appeal any component of a sentence imposed by the Court which is a term of imprisonment of 420 months, or which falls within or is greater than the sentencing range for a fine and supervised release set forth in Section III, ¶ 18, above, notwithstanding the manner in which the Court determines the sentence.

However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.        TOTAL AGREEMENT AND AFFIRMATIONS

29.        This plea agreement represents the total agreement between the defendant, TIMOTHY MYERS, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:    _____
CHARLES M. KRULY
Assistant United States Attorney

Dated: September 2, 2020

I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, Ian M. Harrington, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
TIMOTHY MYERS
Defendant

Dated: September 9, 2020

_____
IAN M. HARRINGTON, ESQ.
Attorney for the Defendant

Dated: September 2, 2020

14