IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                            19-CR-73-FPG

TIMOTHY MYERS,
a/k/a CJ Mikowski,
a/k/a Patrick Mikowski,
a/k/a Colin James,

        Defendant.

### GOVERNMENT'S REPLY TO DEFENDANT'S REQUEST
### FOR DOWNWARD DEPARTURE PURSUANT TO GUIDELINE § 5G1.3

The government submits this reply to defendant Timothy Myers' request for a downward departure pursuant to Guideline § 5G1.3. As discussed below, Myers is not entitled to such a departure.[1]

### DISCUSSION

Myers seeks a downward departure pursuant to Guideline § 5G1.3 to account for the approximately six months he spent in state custody prior to being arraigned on the charges in this case. The Court should deny this request for several reasons.

---

[1] For the first time, Myers also argues that after he was charged federally—but while he was still in state custody—he was not brought before a federal magistrate "without unnecessary delay," in apparent violation of Rule 5(a). However, Rule 5(a)'s "without unnecessary delay" requirement applies only after a defendant has been arrested on federal charges. *See* Fed. R. Crim. P. 5(a)(1)(A) ("A person *making an arrest* . . . must take the defendant without unnecessary delay before a magistrate judge.") Rule 5(a) typically does not apply where a defendant is charged federally while he is in state custody. *See, e.g.*, *United States v. Fisher* 33 F. App'x 933 (10th Cir. 2002) (collecting cases for proposition that, "absent any evidence of collusion between federal and state authorities, the provisions of Rule 5 do not apply when a prisoner is in custody and under the control of local or state officers").

1

First, Myers was never detained for conduct related to Victim 17. As described in the PSR, Myers has two victims from New Jersey: C.S. (Victim 17), who is described in paragraph 143 of the PSR, and another victim, E.F., who is described in paragraph 189 of the PSR. State authorities charged Myers with crimes related to E.F. in September 2018. Myers was detained on those charges before he moved into federal custody as part of this case. Myers, however, has never been charged or detained in connection with Victim 17.

Second, Guideline § 5G1.3(b) does not apply in this case. That Guideline recommends that a court "adjust the [federal] sentence for any period of imprisonment already served on [an] undischarged term of imprisonment," but only where that "term of imprisonment *resulted* from another offense that is relevant conduct to the instant offense of conviction." Myers, however, has not been sentenced in state court; thus, no term of imprisonment has "resulted from another offense." Rather, a term of imprisonment is *anticipated* to result.

Guideline § 5G1.3(c) contemplates this situation, but in circumstances that do not apply here. That Guideline provides that, if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct)," the federal court should impose a sentence concurrent to the anticipated state sentence. Guideline § 5G1.3(c) only applies, however, where "the federal court anticipates that, after the federal sentence is imposed, the defendant will be sentenced in state court and serve a state sentence before being transferred to federal custody for federal imprisonment." U.S.S.G. § 5G1.3 cmt. 3. Again, that is not the case here: Myers' state sentence is expected to run concurrent to his federal sentence while he remains in federal custody.

Finally, neither Victim 17 nor Victim E.F. are part of relevant conduct for purposes of Guideline § 5G1.3. As discussed in the government's sentencing memorandum, "relevant conduct" in a child pornography production case generally does *not* include a defendant's other victims. *See United States v. Wernick*, 691 F.3d 108, 114-17 (2d Cir. 2012) (describing "relevant conduct" in this context). Thus, although the Court may—and should—consider all of Myers' victims in weighing the § 3553(a) factors, those victims may not be used to reduce Myers' sentence pursuant to Guideline § 5G1.3.

DATED:   Buffalo, New York
         December 14, 2021

                              Respectfully submitted,

                              TRINI E. ROSS
                              United States Attorney

                      By:    **/s/ CHARLES M. KRULY**
                              CHARLES M. KRULY
                              Assistant United States Attorney
                              United States Attorney's Office
                              Western District of New York
                              138 Delaware Ave.
                              Buffalo, New York 14202
                              (716) 843-5838
                              Charles.kruly@usdoj.gov